In re the GUARDIANSHIP and Conservatorship OF Mary Agnes KLEIN, Marie Poggenpohl, Guardian; Marie Poggenpohl and Hills Bank and Trust Company, Conservators.

No. 56237.

Supreme Court of Iowa.

May 21, 1975.

N. E. Lillios and Richard A. Pundt, Cedar Rapids, for Margaret Ware, objector-appellant.

Arthur O. Leff, Iowa City, for appellees.

Submitted to MOORE, C. J., and Le-GRAND, REES, REYNOLDSON and HARRIS, JJ.

REES, Justice.

This appeal arises out of the overruling by trial court of appellant's objections to the final report and accounting of the conservators of an estate. We affirm.

On April 27, 1968 Marie Poggenpohl filed a petition in the office of the clerk of the Johnson county district court for the appointment of a guardian of her mother Mary Agnes Klein, aged 79, and for the appointment of a conservator for her estate. Two of Marie's sisters later joined in the petition. Margaret Ware, a third sister and appellant here, and Ralph Klein, a brother, objected to Marie's appointment as guardian and conservator. Following a hearing on the matter, the court appointed Marie Poggenpohl as guardian of Mrs. Klein and Hills Bank & Trust Company and Marie Poggenpohl as co-conservators of her property.

Following the death of Mrs. Klein, the guardian and conservators filed a final report and accounting to which Margaret Ware filed detailed objections. Trial court appointed William L. Meardon, an able lawyer long experienced in the field of probate law, as referee. The referee conducted several hearings at which the testimony of the interested parties was reported and later transcribed. All bank records, receipts and evidence relating to claims filed in the conservatorship were made available to him. After reviewing the evidence, the referee reported to the court that the conservatorship accounting was "true and correct and had been sustained". Trial court accepted the referee's report and after making minor adjustments he recommended with respect to certain claims, approved the final report submitted by the conservators.

Appellant here contends trial court erred in approving the conservators' final report and in allowing certain claims, asserting Marie breached her duties as conservator by failing to file timely and accurate inventories of her ward's property, commingling funds and authorizing certain work to be done by her husband Robert on the Klein farm for which claims were filed and al-

lowed. She seeks relief in the form of an order directing trial court to conduct a more detailed accounting and to remove Marie Poggenpohl as a conservator.

There must be an end to litigation. Mrs. Ware had an opportunity to air her grievances at the hearings conducted before the referee. The referee's report was full and detailed and obviously was closely scrutinized by the trial court before the court approved the conservator's final report.

We find no merit in this appeal and affirm trial court. Costs of the appeal are taxed to Margaret Ware, appellant.

Affirmed. See rule 348.1, Rules of Civil Procedure.